UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Adilia Hormigo, M.D., Ph.D.,<br>　　　　　　　　Plaintiff,<br>v.<br>Icahn School of Medicine at Mount Sinai et al.,<br>　　　　　　　　Defendants. | 24-CV-4757 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On September 18, 2025, the Court held a conference regarding Plaintiff's Motion to Compel the production of certain documents under Fed. R. Civ. P. 37. *See* ECF Nos. 40, 42. For the reasons stated on the record, Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART**.

Plaintiff's first request at issue on this motion is for complaints of age discrimination, gender discrimination, and/or retaliation from four departments (i.e., Neurology, Neuro-Surgery, Medicine, and the Tisch Cancer Center) for the period January 1, 2017 to present. The motion as to this request is **GRANTED IN PART and DENIED IN PART** as follows:

- Defendants have offered to produce such complaints from the Department of Neurology and Dr. Barbara Vickrey, Dr. Joshua Bederson, Dr. Nina Bhardwaj, Dr. Costas Hadjipanyis, and Dr. Eric Nestler (to the extent those individuals are not considered part of the Neurology department). *See* ECF No. 41 at 2. Plaintiff's request as to the Neurology Department and these individuals is therefore denied as moot.

- To the extent that Plaintiff seeks similar materials with respect to other departments, the request is denied as disproportionate to the needs of this case, as Plaintiff's primary appointment was limited to the Neurology Department. *See Delancey v. Wells*, No. 23 Civ. 10357, 2025 WL 1009415, at *4 (S.D.N.Y. 2025) (explaining that courts "typically cabin the discovery to complaints involving the same type of conduct about which the plaintiff complains and to complaints in the same work unit, location or event involving the same alleged wrongdoer.").

- To the extent that Plaintiff seeks similar materials with respect to other individuals, the request is denied without prejudice, as discovery with respect to any individuals alleged to participate in the alleged discriminatory acts that underly Plaintiff's claims is likely appropriate and proportional to the needs of this case. *See McConkey v. Churchill School and Center*, No. 24 Civ. 6091, 2025 WL 1928552, at *3 (S.D.N.Y. 2025) ("[E]vidence of complaints by persons other than the plaintiff involving 'the same type of conduct about which the plaintiff complains' may be discoverable if it involves the same alleged wrongdoer.").

- With respect to timeframe, the Court finds that documents responsive to this request through the present are appropriate, as Plaintiff alleges that the conduct underlying her claims remains ongoing. Plaintiff's request for such complaints for the period January 1, 2017 to present is therefore granted.

Plaintiff's second request at issue is for all documents regarding communications between Drs. Vickrey and Bhardwaj concerning Plaintiff and/or the Trial, for the period January 1, 2020 to the present. The motion as to this request is **GRANTED**. These documents go to the heart of Plaintiff's allegations, and the Court determines that the requested timeframe is appropriate and not disproportionate to the needs of this case. *See EEOC v. Frontier Hot-Dip Galvanizing, Inc.*, No. 16 Civ. 0691V, 2022 WL 597462, at *3 (W.D.N.Y. Feb. 28, 2022) (finding "the appropriate scope of discovery to include 2011 through the present," an eleven year period, where Plaintiff alleged that the defendant's discrimination was ongoing and where alleged participants in the discrimination "remain[ed] employed with defendant.").

SO ORDERED.

Dated: September 19, 2025
  New York, New York

DALE E. HO
United States District Judge