**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADILIA HORMIGO, M.D., Ph.D.,<br><br>Plaintiff,<br><br>v.<br><br>ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI, MOUNT SINAI HEALTH SYSTEM, and MOUNT SINAI HOSPITAL,<br><br>Defendants. | **Case No. 24 CV 04757 (DEH)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CORRECT THE OCTOBER 9, 2025 ORDER PURSUANT TO FED. R. CIV. P. 60(a)**

**OUTTEN & GOLDEN LLP**
Amy F. Shulman
Amanda T. Chan
685 Third Avenue 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

*Attorneys for Plaintiff*

## I. PRELIMINARY STATEMENT

Plaintiff Adilia Hormigo, M.D., Ph.D. submits this memorandum of law in support of her Motion to Correct the October 9, 2025 Order Pursuant to Fed. R. Civ. P. 60(a) ("the Motion"). The Motion seeks to correct a clerical or inadvertent error in the last sentence of the October 9, 2025 Order ("the Order") and should be granted for the following reasons.

At the October 9, 2025 Local Civil Rule 37.2 Conference ("Conference") on Plaintiff's September 26, 2025 pre-motion letter ("September 26 Letter"), the Court granted Plaintiff's motion to compel production of discovery requested in Plaintiff's First Interrogatory No. 19 and First Request for the Production of Documents Nos. 44 (second) to 46 as to all clinical human subject research trials that had been transferred from Defendants externally, but limited the temporal scope of these requests to January 1, 2020 to the present. (Shulman Ex. B [Oct. 9 Tr.] at 37-38).[1] The Order, which was issued to memorialize the rulings issued at the Conference, however, states that Defendants are required to produce the requested discovery as to "**vaccine** trials" that were transferred externally. ECF No. 50, at 2 (emphasis added). Given the ruling issued at the Conference, and, given that no party sought to limit the requested discovery to vaccine trials, the inclusion of the word, "vaccine," in the Order can only be an inadvertent or clerical error. Defendants, however, seizing on that word, now refuse to produce the relevant and materially broader discovery as to all clinical human subject research trials that the Court ordered at the Conference and that is necessary for Plaintiff to prosecute her claims.

The Order should thus be corrected to comport with the ruling issued at the Conference by removing the word, "vaccine," in the last sentence of the Order and instead stating that

[1] For the Court's convenience, copies of: (A) the Order, (B) excerpts from the transcript of the Conference ("Oct. 9 Tr."), (C) the September 26 Letter, and (D) Defendants' October 1, 2025 response thereto are annexed as Exhibits A through D, respectively, to the accompanying Declaration of Amy F. Shulman ("Shulman Decl.") in Support of the Motion.

Defendants shall produce the requested information and documents as to all clinical human subject research trials but only as to trials transferred on or after January 1, 2020.

## II. FACTUAL BACKGROUND

### A. The Complaint

Plaintiff, a neuro-oncologist, is the former Professor and Director of Defendants' Neuro-Oncology Program (the "Program"). (Compl. ¶¶ 2, 20, 30). She claims that Defendants discriminated against her on the basis of gender and age and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.* ("Title VII"), New York State Human Rights Law, N.Y. Exec. L. § 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, *et seq.* ("NYCHRL"). (Compl. ¶ 1), by, *inter alia,* removing her as Program Director, terminating her employment, and interfering with her clinical brain cancer vaccine trial ("the Vaccine Trial"). (Compl. ¶¶ 33-57). As to the latter allegations of interference, for instance, Plaintiff, who is the Principal Investigator and IND holder of the Vaccine Trial, alleges that Defendants, *inter alia,* have refused to transfer Vaccine Trial materials to her new institution after the Vaccine Trial was moved from Defendants to Plaintiff's new institution. (Compl. ¶¶ 47-57).

### B. The September 26 Letter

The September 26 letter sought to compel production of discovery concerning, *inter alia*, Defendants' treatment of other Principal Investigators and/or IND holders whose clinical human subject research trials were transferred externally from Defendants, namely: (a) the identities of Principal Investigators and/or IND holders whose research trials were externally transferred **(Interrogatory No. 19)**; (c) material transfer agreements entered into by Defendants **(First Req. No. 44 [second])**; (c) documents concerning the external transfers of research projects or trials

(**First Req. No. 45)**; and (d) data transfer and use agreements entered into by Defendants (**First Req. No. 46**). (Shulman Ex. C at 3; ECF No. 45 at 3). The requested discovery is relevant to the above-referenced allegations that Defendants have unlawfully refused to transfer materials regarding Plaintiff's Vaccine Trial to her new institution in retaliation for her protected activities. (Compl. ¶¶ 47-57). Plaintiff sought this discovery for the eight-year period from 2017 to the present. (Shulman Ex. B [Oct. 9 Tr.] at 33-34).

By letter dated October 1, 2025, Defendants objected to producing the requested discovery as to clinical human subject research trials that were not industry-funded and investigator-initiated. (Shulman Ex. D at 3; ECF No. 47 at 3). Defendants further objected to producing the requested discovery as to the period from 2015 to present. (*Id.*)

**C. <u>October 9 Conference and Order.</u>**

At the October 9 Conference, the Court ordered Defendants to produce the discovery requested in Interrogatory No. 19 and Request Nos. 44 (second) to 46 as to all clinical human subject research trials, rejecting Defendants' attempt to limit the substantive scope of those requests to industry-funded and investigator-initiated trials, but limited the temporal scope of those requests to the period January 1, 2020 to the present. *See* Shulman Ex. B at 37-38.

Later that day, the Court issued the Order, which stated:

> At the Rule 37.2 Conference held on October 9, 2025, for reasons stated on the record, the Court made the following determinations regarding Plaintiff's pre-motion letter seeking to compel production of several categories of documents, ECF No. 45:
>
> [ . . . . ]
>
> Lastly, with respect to Plaintiff's allegations of vaccine trial interference, the motion is **GRANTED IN PART AND DENIED IN PART.** Defendants shall produce requested documents relating to the handling of vaccine trials after transfer to another institution, but only for trials transferred on or after January 1, 2020.

*See* Shulman Ex. A [Oct. 9 Order; ECF No. 50] at 2.

Plaintiff respectfully submits that the insertion of the "vaccine" in the last above-quoted sentence was an inadvertent or clerical error as the ruling issued at the Cconference granted Plaintiff's motion to compel as to the substantive scope of the requested discovery, i.e., required production of the requested discovery as to all clinical human subject research trials, and no party raised any attempt to limit that discovery to vaccine trials before or during the Conference. *See* Shulman Ex. B [Oct. 9 Tr.] at 30-38, Ex. C at 3, Ex. D at 3.

On October 27, 2025, Defendants notified Plaintiff that, "[p]ursuant to the Court's October 9, 2025 Order, Defendant states that there are no documents responsive to this request because, after a reasonable search, Mount Sinai has not transferred any human-subject ***vaccine*** trials to another institution from January 1, 2020 to the present . . . ." (emphasis added). *See* Shulman Decl. ¶ 7. On November 5, 2025, Plaintiff notified Defendants, via email, that the Court ordered production of the above-referenced discovery at issue as to all clinical human subject research trials, that the insertion of the word "vaccine" in the last sentence of the Order was patently an inadvertent or clerical error, and that Plaintiff planned to move pursuant to Fed. R. Civ. P. 60 to correct the Order to comport with the ruling issued at the Conference. *Id.* at ¶ 8. Plaintiff's counsel advised Defendants' counsel that, if Defendants wished to avoid such motion practice, Defendants should immediately advise Plaintiff and produce the discovery requested in Interrogatory No. 19 and First Request Nos. 44 (second) to 46 as to all clinical human subject research trials for the period January 1, 2020 to the present. Defendants have refused, stating that Defendants believe that the Court intended to use the language in the Order. (Shulman Decl. ¶ 9).

## III. ARGUMENT

### THE MOTION SHOULD BE GRANTED SO THAT THE ORDER COMPORTS WITH THE COURT'S OCTOBER 9 RULING.

The Motion should be granted so that the Order comports with the Court's October 9 ruling requiring production of the above-requested discovery as to all clinical human subject research trials that were transferred externally from Defendants on or after January 1, 2020.

Fed. R. Civ. P. 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a . . . order . . . ." Fed. R. Civ. P. 60(a). A motion under Rule 60 is only permitted to correct an order "for the purpose of reflecting accurately a decision that the court actually made." *Jefferies Strategic Invs., LLC v. Weiss*, No. 24 Civ. 4369, 2025 U.S. Dist. LEXIS 96258, at *2 (S.D.N.Y. May 20, 2025); *Genetec, Inc. v. PROS, Inc.*, No. 20 Civ. 07959, 2024 U.S. Dist. LEXIS 123110, at *3 (S.D.N.Y. July 11, 2024) (internal citations omitted) (holding that Rule 60(a) allows courts to correct clerical or inadvertent mistakes in orders to implement the results intended when the order was entered). Under Rule 60(a), corrections should be made "not to reflect a new and subsequent intent of the court, but to conform the order to the 'contemporaneous intent of the court.'" *Sullivan v. Gelb*, No. 23 Civ. 5194, 2023 U.S. Dist. LEXIS 210764, at *9 (S.D.N.Y. Nov. 27, 2023).

Here, the Order was intended to memorialize the rulings issued at the October 9 Conference. *See* Shulman Ex. A [Order] at 2. At the October 9 Conference, the Court granted Plaintiff's motion to compel as to the substantive scope of the discovery requested in Plaintiff's First Interrogatory No. 19 and First Request for the Production of Document Nos. 44(second) to 46, i.e., as to all clinical human subject research trials that had been transferred externally from Defendants, but partially denied the motion as to the temporal scope of the requests by limiting that period to January 1, 2020 to the present. *See* Shulman Ex. B at 37-38. The reference to

"vaccine trials," in the last sentence of the Order can only be an inadvertent or clerical error, as it would materially narrow the Court's October 9 ruling to only require production of the requested discovery as to vaccine trials, even though such a narrowing had never been raised before or at the October 9 Conference.

Correcting the Order by replacing the reference in the last sentence of the Order to "vaccine trials" and stating that Defendants shall produce the requested discovery as to "all clinical human subject research trials" here is exactly the type of correction contemplated by Rule 60(a). *See Elsevier Inc. v. Grossmann*, No. 12 Civ. 5121, 2016 U.S. Dist. LEXIS 167211, at *6 (S.D.N.Y. Dec. 2, 2016) (granting Rule 60(a) motion to, *inter alia*, correct the judgment to "reflect accurately the Court's analysis"). Allowing that last sentence to remain uncorrected would deprive Plaintiff of relevant discovery concerning Defendants' treatment of other Principal Investigators and/or IND Holders whose clinical human subject research trials were transferred externally. Thus, the requested correction is necessary to reflect the adjudication made at the October 9 Conference and ensure that Plaintiff obtains relevant discovery concerning her retaliation claims.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Motion by correcting the last sentence of the Order by removing the reference to "vaccine trials" and stating that Defendants shall produce all discovery requested in Interrogatory No. 19 and Request Nos. 44 (second) to 46 as to all clinical human subject research trials but only for trials transferred on or after January 1, 2020.

Dated: New York, New York
November 12, 2025

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

*By: /s/ Amy F. Shulman*
Amy F. Shulman
Amanda T. Chan
685 Third Avenue 25th Floor
New York, NY 10017
Telephone: (212) 245-1000

*Attorneys for Plaintiff*

**WORD COUNT VERIFICATION**

I, Amy F. Shulman, certify that according to the word count of the word-processing program used to prepare the foregoing memorandum of law, pursuant to Local Civil Rule 7.1(c), there are 1,891 words in the document.

*By: /s/ Amy F. Shulman*
Amy F. Shulman