OUTTEN & GOLDEN LLP

Advocates for Workplace Fairness

November 26, 2025

**Via ECF**
The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** ***Hormigo, M.D., Ph.D. v. Icahn School of Medicine at Mount Sinai, et al.*****,**
**Case No. 24-cv-04757-DEH**

Dear Judge Ho:

We represent Plaintiff Adilia Hormigo, M.D., Ph.D. Pursuant to Local Civil Rule 37.2 and Individual Rule 4(k), we request a pre-motion conference in order to move, under Fed. R. Civ. P. 37, to compel Defendants to remedy its production of documents that are cut-off, missing attachments, and/or otherwise improperly produced, to produce responsive and relevant documents referenced in already-produced discovery, to produce the discovery compelled by the Court's Amended Order dated November 13, 2025 (ECF No. 56)("the Amended Order"), and to compel production of documents requested in Plaintiff's Third Requests for the Production of Documents.[1]

Plaintiff, a former Professor and Director of the Neuro-Oncology Program at Defendants, asserts claims of gender and age discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.*, New York State Human Rights Law, N.Y. Exec. L. § 290, *et seq.,* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, *et seq.* She alleges for instance that Defendants, *inter alia*, unlawfully treated her disparately as compared to male and/or much younger physicians, removed her as Program Director, and terminated her employment, and have interfered with her clinical brain cancer vaccine trial ("Vaccine Trial") and continue to do so, because of her age and gender and in retaliation for her protected complaints of discrimination. (Compl. ¶¶ 33-57).

**Incomplete Documents:** Defendants have produced multiple documents that are cut-off[2] and/or missing attachments and/or internally-linked documents.[3] We have repeatedly asked Defendants to cure these deficiencies, and, while they initially remedied certain deficiencies, numerous deficiencies remain outstanding. Defendants advised us on October 25 and November 18, 2025 that they would remedy some of these outstanding issues but that they could not provide us with a date by which they would do so, and it appears that they will not remedy all of

[1] The parties met and conferred on October 25, 2025 and November 18, 2025 for approximately 30 minutes per session on these issues.
[2] *See, e.g.*, D385-388, D545, D569, D897, D902, D1583, and D2024-27.
[3] *See, e.g.*, D548-49, D568, D711, D787, D896, D1540-46, D1537, D1905, D1908, D1911, D1917, D1559, D1583, D1986, and D1987.

them, even though the documents at issue are, for the most part, emails that were transmitted over Defendants' electronic systems.

The deficiently-produced documents concern central issues in this case, including, without limitation, the renewal of Plaintiff's employment agreement in 2017, Defendants' removal of Plaintiff from her role as Program Director, Defendants' exclusion of Plaintiff from brain cancer meetings, Defendants' giving Plaintiff's supervisory inpatient responsibilities to a much younger, less experienced physician (Amy Chan, M.D.), the termination of Plaintiff's employment, and Defendants' interference with the Vaccine Trial. (*See, e.g.,* D568, D569, D711, D787, D896, D897, D902, D1583, D1905, D1908, D1986-87, D2024-2027). Plaintiff needs Defendants to remedy these deficiencies, *inter alia,* so that Plaintiff can question Defendants' witnesses about the documents at issue during depositions, which are ongoing. Accordingly, Defendants should be compelled to remedy all document deficiencies.

**Missing Documents:** Defendants also have failed to produce responsive documents about relevant events and communications that are referenced in, and/or that are reasonably likely to exist based on, documents already produced by Defendants and/or non-party witnesses.[4] The outstanding documents are responsive to various requests in Plaintiff's First, Second, and Third Requests for the Production of Documents and concern, *inter alia,* complaints made by Ashley Roque, M.D., about Dr. Chan (*see, e.g.,* First Request No. 49; Second Request No. 3), meetings between Plaintiff and her supervisor, Barbara Vickrey, M.D., that occurred between January 1, 2018 and November 1, 2018, i.e., the period before and during which Plaintiff made protected complaints and the period in which Defendants began retaliating against Plaintiff (see, *e.g.,* First Request Nos. 23-24; Second Request No. 4), the removal of Plaintiff's supervisory in-patient responsibilities and the evaluation of Plaintiff's outpatient clinic by a male neurologist (see, e.g., First Request Nos. 17-22), and the treatment of B.M. by Dr. Roque and/or a male neuro-surgeon, Joshua Bederson, M.D. on or before July 31, 2020 (Third Request No. 1). Although Defendants previously asserted that they did not have any of the outstanding documents we had identified, this assertion does not make sense, as at least certain of the omitted documents are explicitly referenced in already-produced discovery. Accordingly, we request that Defendants be compelled to produce all such omitted responsive documents.

**The Amended Order:** By Amended Order dated November 13, 2025, the Court compelled Defendants to produce, inter *alia,* discovery sought in Plaintiff's September 26, 2025 premotion letter regarding the handling of clinical human subject research trial transfers premotion letter [ECF No. 45] but only for the period January 1, 2020 to the present. (ECF No. 56 at 2). Defendants, however, have not produced the required discovery and, during the November 18 meet and confer, told us that they could not provide a date by which they would do so, even though Defendants' counsel told us during meet and confers in July and August 2025 that they were searching for the documents at issue. As depositions in this action are ongoing, we respectfully request that Defendants be ordered to produce the required discovery immediately.

---

[4] *See, e.g.*, D343-352, D708-728, D893, D905, D1537-39, and CHAN25-26.

**Third Request No. 7**: This request seeks, to the extent not previously produced, documents sufficient to show the weeks that Plaintiff and the other physicians in the Program were on, or were assigned to be on, call and/or in-patient service" ("Calendars"), including schedules maintained in Defendants' "Amion" system, for the period January 1, 2017 to December 31, 2021. The requested documents are relevant to Defendants' asserted defense that Plaintiff assigned Dr. Chan, a much younger neuro-oncologist in the Division, an "untenable" number of in-patient service weeks. (D416-417). By Responses and Objections to Plaintiff's Third Request for the Production of Documents served on September 5, 2025, Defendants objected to this request on the grounds of burden and overbreadth but produced the Calendar for 2020.

Defendants, however, failed to produce the Calendars for the years 2017, 2018, 2019, and 2021, even though their defense squarely relies on the volume of Dr. Chan's assigned work for those years. Since mid-September 2025, Defendants have repeatedly asserted, in response to Plaintiff's repeated requests, that they were obtaining copies of these Calendars from their "vendor." Defendants' counsel advised us on November 11, however, that the vendor "could not locate" the Calendars. Even if the vendor's search was allegedly unsuccessful, it is our understanding that these Calendars were circulated by email, and one of Defendants' witnesses testified on November 20, 2025 that the Calendars were posted on one of Defendants' electronic systems, such as "Epic" or "Box," depending on the year. Defendants, however, have failed to produce the outstanding Calendars. Accordingly, Defendants should be compelled to produce the Calendars for 2017, 2019, 2019, and 2021.

**Third Request No. 8:** This request seeks documents sufficient to show all dates on which Dr. Chan performed in-patient neuro-oncology consults outside of the weeks for which she was scheduled to be on-call or on in-patient neuro-oncology service (with HIPAA-protected information redacted). Defendants objected to producing any requested documents on the grounds of relevance and undue burden. The requested documents are relevant to Defendants' allegations that Plaintiff scheduled Dr. Chan for too many in-service weeks (D416-17) and to Plaintiff's allegations that Dr. Chan performed in-patient consults even when she was not scheduled to do so, such that Defendants' assertions are pretextual.

Defendants' assertions of burden are also unavailing as it is our understanding that Defendants need only check their internal Epic system for those weeks when, according to the Calendars, Dr. Chan was not scheduled to be on service. Defendants, however, have refused to do so and have not provided any information as to why such method is overly burdensome. Accordingly, Plaintiff respectfully requests that the Court compel production of the requested discovery.

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

*/s/ Amy F. Shulman*
Amy F. Shulman
Amanda T. Chan