akerman

Brittany Buccellato
Special Counsel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

T: 212 880 3800
F: 212 880 8965
brittany.buccellato@akerman.com

December 3, 2025

**VIA ECF**

Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: Hormigo v. Icahn School of Medicine at Mount Sinai, et al., 24 Civ. 04757 (DEH)**

Dear Judge Ho:

On behalf of our client, Defendant Icahn School of Medicine at Mount Sinai ("Mount Sinai") (named herein as "Icahn School of Medicine at Mount Sinai, Mount Sinai Health System, and Mount Sinai Hospital"), and pursuant to the Court's Individual Rules of Practice in Civil Cases 4(k), I write in opposition to Plaintiff's letter, dated November 26, 2025, requesting a pre-motion conference[1] seeking leave to file a motion to compel discovery regarding: (i) documents that Plaintiff alleges are incomplete, missing attachments, and/or "cut off" (ii) documents relating to the handling of all clinical human subject research trials that transferred from Mount Sinai to another institution on or after January 1, 2020; (iii) Plaintiff's Third Request No. 7 for documents "sufficient to show the weeks that Plaintiff and the other physicians in the Program were on, or were assigned to be on, call and/or in-patient service including schedules maintained in the Amion system" for 2017, 2018, 2019, and 2021 and (iv) Plaintiff's Third Request No. 8 for documents "sufficient to show all dates on which Dr. Chan performed in-patient neuro-oncology consults outside of the weeks for which she was scheduled to be on-call or on in-patient neuro-oncology service".

**Documents That Plaintiff Alleges Are Incomplete Or Missing**

Counsel for Plaintiff asks for this Court to compel Mount Sinai to produce various documents, which she alleges are "missing attachments and/or internally-linked". These are all documents which have been fully produced to Plaintiff in Mount Sinai's previous productions.

[1] If the Court schedules a conference, Mount Sinai requests that it not be scheduled for December 4, 5, 8, or 12 because there are depositions scheduled in connection with this case on those dates.

Plaintiff similarly asserts that D385-388, D569, and D2024-27 are documents that are "cut off" yet these documents have also been produced in full to Plaintiff. Many of counsel for Plaintiff's requests for allegedly "cut-off and/or missing attachments and/or internally-linked documents" are based on speculation that a document exists. For example, regarding D546, Plaintiff's counsel asks for "all calendar invites, entries, emails, agendas and/or notes" about a meeting referenced in an email. The relevant portion of the email reads "He asked to meet with you as he'd like to hear directly from you about your plans and goals over the next 3 years. If ok with you, I will connect you with his assistant today to see if he can possibly meet with you before going out on vacation next week." It is absurd to ask about documents concerning a meeting that, based on the email, had clearly not been confirmed. Accordingly, Mount Sinai should neither be compelled to reproduce any documents which have already been produced, in full, to Plaintiff nor be compelled to produce any documents which do not exist and are based on nothing more than counsel for Plaintiff's idle speculation. Counsel for Plaintiff's letter also asks the Court to compel Mount Sinai to produce D1905, D1908, D1911, D1917, D1986, and D1987, all of which pertain to documents concerning the manuscript. Mount Sinai objected to producing drafts of the manuscript. The parties agreed to, and, Mount Sinai has already provided documents sufficient to identify: the title of the manuscript, authors, topics, and subtopics at the time that Plaintiff left Mount Sinai. It is disingenuous for Plaintiff to now ask this Court to compel Mount Sinai to produce documents which Mount Sinai objected to producing, the parties met and conferred about, and agreed to a compromise.

**The Amended Order**

In the Amended Order, dated November 12, 2025, the Court ordered Mount Sinai to produce documents relating to the handling of all clinical human subject research trials transferred from Mount Sinai to another institution on or after January 1, 2020. As previously explained to the Court and counsel for Plaintiff, information regarding research trials is not maintained in any searchable, organized format, nor is it contained in any one place or department. Likewise, no one individual at Mount Sinai has the requisite knowledge to know whether any other clinical human subject research trial transferred to another institution on or after January 1, 2020 other than Plaintiff's trial. The individuals with whom counsel for Mount Sinai spoke were not aware of any such trials. Accordingly, Mount Sinai conducted a search by acquiring a list of approximately 2,000 faculty physicians that left Mount Sinai since January 1, 2020. MSIP cross referenced this list against MSIP's research agreement database and flagged transfer and other research agreements that could be related to the transfer of a human subjects clinical research study. This resulted in roughly 50 faculty-physicians and 200 agreements. The 200 agreements were reviewed. The review was completed yesterday and it was determined that none of them were related to the transfer of a human subjects clinical research study.

**Third Request No. 7**

Counsel for Plaintiff's letter states that Mount Sinai failed to produce the calendars for the years 2017, 2018, 2019, and 2021 for Plaintiff, Dr. Roque, Dr. Kim, and Dr. Chan. As explained

to Plaintiff, the calendars she seeks are maintained by the vendor, Amion. Accordingly, Mount Sinai contacted the vendor requesting these calendars. The vendor informed Mount Sinai that only Plaintiff and Dr. Chan appeared in its system for those years; however, even though they were listed in the system, Amion was unable to locate any schedules with their names on them. The schedules that would have, at the time, been uploaded onto Mount Sinai's internal systems (e.g., Box/One Drive) are no longer there. The schedules on those systems only go back to 2024. Accordingly, there is nothing for the Court to compel Mount Sinai to produce.

**Third Request No. 8**

Finally, counsel for Plaintiff's letter asks the Court to compel Mount Sinai to produce documents "sufficient to show all dates on which Dr. Chan performed in-patient neuro-oncology consults outside of the weeks for which she was scheduled to be on-call or on in-patient neuro-oncology service". Mount Sinai objected to producing these documents because the request was unduly burdensome, if not impossible, and not likely to lead to the discovery of relevant evidence. As explained to counsel for Plaintiff, there is no way to determine if and when Dr. Chan was performing consults outside of her schedule. Consults are most often phone calls from physician to physician. Counsel for Plaintiff's suggestion that Mount Sinai go into the medical record for every patient seen in Neuro-Oncology on every date over a three-year period that Dr. Chan was not scheduled to be on-call or in-patient and review those records to see if Dr. Chan performed a consult is unreasonable. Merely explaining what this would entail demonstrates the undue burden and disproportionate nature of this request, which, contrary to counsel for Plaintiff's assertions, was also explained to them. Moreover, even if there were a way to identify such information that was not unduly burdensome and was proportionate to the needs of this case, it would be of, limited, if any, relevance to Plaintiff's claims. Plaintiff claims that such information is relevant to her claims because it would show that Dr. Chan was working outside of her schedule, which would somehow undermine Mount Sinai's claim that Plaintiff assigned Dr. Chan more in-patient weeks than she had been promised during the hiring process. Whether or not Dr. Chan also performed consults outside of her schedule would not prove or disprove whether she was scheduled for more weeks than she had been promised.[2]

Respectfully submitted,

/s/ Brittany Buccellato

Brittany Buccellato

cc: Amy Shulman, Esq. and Amanda Chan, Esq., Attorneys for Plaintiff (via ECF)

[2] Counsel for Plaintiff has known since, at least, October 22, 2025 that Mount Sinai would not agree to produce these documents and yet, waited over a month (and less than three weeks before the close of discovery) before raising this issue with the Court.