akerman

Brittany Buccellato
Special Counsel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

T: 212 880 3800
F: 212 880 8965
brittany.buccellato@akerman.com

December 4, 2025

**VIA ECF**

Honorable Dale E. Ho, United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: Hormigo v. Icahn School of Medicine at Mount Sinai, et al., 24 Civ. 04757 (DEH)**

Dear Judge Ho:

On behalf of our client, Defendant Icahn School of Medicine at Mount Sinai (“Defendant” or "Mount Sinai") (named herein as "Icahn School of Medicine at Mount Sinai, Mount Sinai Health System, and Mount Sinai Hospital"), and pursuant to the Court's Individual Rules of Practice in Civil Cases 4(k), I write in opposition to Plaintiff's letter, dated December 1, 2025, requesting a pre-motion conference[1] to seek leave to conduct three half-day depositions of Ashley Roque, MD ("Dr. Roque"), Philip Semprevio, Esq. ("Semprevio"), and Glenn Martin, MD ("Dr. Martin") beyond the 10 deposition limit set forth in Fed. R. Civ. P. 30(a)(2). Plaintiff’s request should be denied because the expected testimony will be unduly duplicative and/or cumulative and would not provide Plaintiff with sufficient new information to justify the burden on Mount Sinai, which is disproportionate to the needs of this case.

To date, Plaintiff has taken approximately 25 hours combined of deposition testimony from 5 witnesses. These witnesses testified regarding, among other things, Plaintiff’s hiring, Plaintiff’s promotion, the 2018 renewal of Plaintiff’s employment agreement, the removal of Plaintiff’s Program Director title, the non-renewal of Plaintiff’s employment agreement, Plaintiff’s complaints regarding various employment decisions, the search for a new head of Neuro-Oncology, complaints regarding Plaintiff and Dr. Amy Chan (“Dr. Chan”), and Dr. Chan’s workload and job responsibilities. The depositions of 5 other witnesses have been scheduled, with 31.5 hours of depositions remaining, for a total of 56.5 hours of testimony taken by Plaintiff. These depositions will cover the same topics as those listed above as well as the

[1] If the Court schedules a conference, Mount Sinai requests that it not be scheduled for December 5, 8, or 12 because there are depositions scheduled for this case on those dates.

---

transfer of Plaintiff's trial and her complaint regarding her compensation. Thus, the testimony or expected topics of testimony at these 10 depositions is already unduly cumulative. Moreover, the cost of these depositions to Mount Sinai both in time and legal fees is already out of proportion with the needs of this case. Of these 10 witnesses, 8 are physicians and at least 3 hold senior leadership roles (including, the Dean of the School of Medicine and the system chairs for two departments). In addition, 7 of these depositions are for a full-day and 9 are in-person.

A court must limit the extent of discovery sought if it is unreasonably cumulative or duplicative or can be obtained from another source that is more convenient, less burdensome, or less extensive. *Brunckhorst v. Bischoff,* No. 21 Civ. 4362 (JPC), 2022 WL 6991285, at *1 (S.D.N.Y. Oct. 12, 2022). Courts also consider whether: (i) the party seeking discovery has had ample opportunity to obtain the information by discovery; and (ii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. *Id.* at *2. It is well-settled that "[a]lthough a witness might have discoverable information, a party is not always entitled to depose that individual." *Id.*

In support of her request to conduct these additional depositions, Plaintiff cites only one case, *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646, 2013 U.S. Dist. LEXIS 153011, at *6 (S.D.N.Y. Oct. 24, 2013)[2]. *In re Weatherford* involved a putative class action, multiple defendants, an amount in controversy over one billion dollars in tax accounting misstatements, and over one hundred employees, and thus is inapposite to this standard single plaintiff employment case alleging age and gender discrimination and retaliation.

Plaintiff alleges that Dr. Roque (a junior neuro-oncologist who played no role in any decision regarding Plaintiff's employment) has relevant, noncumulative information because Dr. Roque was treated more favorably by Dr. Barbara Vickrey ("Dr. Vickrey"), Defendant claims that Plaintiff mistreated Dr. Roque, and Plaintiff contends that it was Dr. Chan who mistreated Dr. Roque based on one email from Dr. Roque to Dr. Vickrey and Dr. Stanley Tuhrim ("Dr. Tuhrim"). Plaintiff has had ample opportunity to obtain information regarding these topics through discovery, Specifically, she: (i) deposed Dr. Tuhrim regarding Dr. Roque's email; (ii) is deposing Dr. Vickrey and can question her about her treatment of Dr. Roque and Dr. Roque's email; and (iii) is deposing Dr. Chan, who can testify regarding her and Dr. Roque's relationship. Dr. Roque's testimony would also be duplicative of the documents already provided to Plaintiff. Therefore, Plaintiff should not be permitted to depose Dr. Roque.

Plaintiff seeks to depose Semprevio, a lawyer and Director of Technology Transactions for Mount Sinai Innovation Partners, on the ground that he was "among those" who handled Mount Sinai's communications with Plaintiff's new employer. Defendant has already provided

---

[2] Contrary to Plaintiff's assertions, the court in *In re Weatherford* only allowed the plaintiffs to conduct 16 additional non-expert depositions, all of which were uncontested by the parties, out of the 30 depositions requested. *Id* at *10. The court limited the number of additional depositions to account for "the potential burden and redundancy of granting all thirty proposed depositions". *Id.*

numerous documents which show the communications between Semprevio and a lawyer at Plaintiff's new employer regarding the transfer of the vaccine trial and vaccine trial materials. Plaintiff's statement that Semprevio was present when "Defendants stated, that Defendants would not transfer the Vaccine Trial Materials to Plaintiff's new institution because of Plaintiff's protected activities" is based on nothing more than Plaintiff's idle speculation at her deposition. Plaintiff does not describe (because she cannot) how Semprevio's testimony would not be duplicative of the documents that were already provided to Plaintiff. The limited, if any, additional information that Semprevio could provide beyond his written communications is outweighed by the burden on Mount Sinai.

Plaintiff's conclusory assertion that Dr. Martin has relevant, noncumulative information regarding the transfer of human subject research studies and relevant vaccine trial-related decisions is not supported by Plaintiff's letter. Dr. Martin was also one of the individuals who communicated with Plaintiff's new employer regarding the trial. Thus, Dr. Martin's testimony would be unduly duplicative of Semprevio's. In addition, the depositions of other individuals involved in the vaccine trial-related decisions are already scheduled, including, that of Dr. Nina Bhardwaj and Dr. Vickrey. Plaintiff does not (because she cannot) set forth a single example of potential noncumulative information that Dr. Martin could provide, if deposed. Moreover, Plaintiff does not dispute that documents have already been provided to Plaintiff regarding the transfer of the vaccine trial and the vaccines. Accordingly, she has had also had an opportunity to obtain discovery regarding these topics.

If the Court permits Plaintiff to take any of the requested additional depositions, the parties should be given until after the holidays (until January 15) to conduct them and they should proceed remotely. Plaintiff has known since early September that Defendant does not consent to the depositions of these individuals, yet waited nearly three months (and less than 2 weeks before the discovery deadline) to ask the Court for permission to depose them. It would be prejudicial to Mount Sinai to permit such egregious delay on the part of Plaintiff and require current and/or former Mount Sinai employees to rearrange their schedules on such short notice. Also, as the Court is aware, during the weeks of December 22 and December 29 many individuals are either out of the office observing holidays and/or traveling. The number and the manner in which the depositions have been conducted thus far have already inconvenienced 10 current and former Mount Sinai employees as well as resulted in substantial cost to Mount Sinai. Accordingly, the Court should order any additional depositions to proceed remotely to limit further inconvenience. Finally, given the very limited nature of these individuals' involvement, if the Court permits Plaintiff to take these depositions, they should be limited to two hours.

Respectfully submitted,

/s/ Brittany Buccellato

Brittany Buccellato

cc: Amy Shulman, Esq. and Amanda Chan, Esq., Attorneys for Plaintiff (via ECF)