akerman

Brittany Buccellato
Special Counsel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

T: 212 880 3800
F: 212 880 8965
brittany.buccellato@akerman.com

December 9, 2025

**VIA ECF**

Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: Hormigo v. Icahn School of Medicine at Mount Sinai, et al., 24 Civ. 04757 (DEH)**

Dear Judge Ho:

On behalf of our client, Defendant Icahn School of Medicine at Mount Sinai ("Defendant" or "Mount Sinai") (named herein as "Icahn School of Medicine at Mount Sinai, Mount Sinai Health System, and Mount Sinai Hospital"), and pursuant to Federal Rule of Civil Procedure ("FRCP") 30(a)(2)(A)(ii) and the Court's Individual Rules of Practice in Civil Cases 4(k), I write to obtain leave of court to continue the deposition of Plaintiff for an additional 3 hours.[1]

Under FRCP 30(d)(1), depositions are "limited to one day of seven hours," but courts "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent[.]" Fed. R. Civ. P. 30(d)(1). *See also* Fed. R. Civ. P. 26(b)(2)(A) (authorizing courts to alter the length of depositions). District courts have "broad discretion to set the length of depositions appropriate to the circumstances of the case." *Arista Records LLC v. Lime Grp. LLC*, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008). In exercising its discretion, the Court considers the following: (1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain

[1] In advance of Plaintiff's deposition, on November 10, I wrote to counsel for Plaintiff asking if she would consent to an additional half-day for Plaintiff's deposition. I was told that she did not consent because no specific need was identified. I also discussed the need for additional time to depose Plaintiff with counsel for Plaintiff at the end of her deposition on November 19, but counsel refused to discuss it and told me that I needed to explain why additional time was needed. Thus, I wrote to Plaintiff's counsel on November 21 outlining Defendant's need to question the witness about specific topics and documents that we did not have time to explore at the deposition, and offered to take Plaintiff's deposition remotely to accommodate Plaintiff's work schedule and other commitments. However, counsel for Plaintiff did not agree to additional time.

---

the same information; and (3) whether the burden of a second deposition outweighs its potential benefit in order to determine whether good cause exists to extend the deposition. *See* FRCP 26(b)(2)(C), 30; *Arista*, 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008). "Whether good cause exists to extend a deposition beyond the presumptive time limit of seven hours is a fact-specific determination." *Pierre v. City of New York*, 2022 WL 2384150, at *1 (S.D.N.Y. July 1, 2022).

Plaintiff's deposition took place on November 19, 2025 and lasted approximately 7 hours. The deposition was conducted efficiently and I was able to question Plaintiff about more than 60 exhibits. Each exhibit was reviewed thoroughly and read in its entirety by Plaintiff (as is her right), which took a significant amount of time. Some exhibits were over 10 pages in length and each page was read carefully by the witness. This added considerable time to the length of the deposition and took time away from testimony.

I was unable to address all of the documents and topics necessary for a complete examination of Plaintiff’s claims. There has been an extensive volume of documents produced in this case (over 9,000 total pages), including many handwritten notes (over 110 pages) from Plaintiff regarding the events at issue in the Complaint, about which Defendant has a right to thoroughly examine Plaintiff. Without questioning Plaintiff about her handwritten notes, Defendant has no other way to understand or obtain information about Plaintiff's impressions reflected in the notes, her explanations for notes that are unclear or incomplete, or portions of the notes that are difficult, if not impossible, to read. The remaining documents also include, but are not limited to: (i) agendas for various meetings (from some of which Plaintiff alleges in the Complaint she was excluded), (ii) documents concerning Plaintiff’s negative interactions with residents (which form the basis for a portion of her 2019 Performance Appraisal, which is central to Plaintiff’s claims), (iii) emails regarding the vaccine trial and the transfer of that trial (which form the basis of her retaliation claim), and (iv) Plaintiff's responses to Defendant's interrogatories. These documents are crucial to understand Plaintiff's allegations regarding Defendant’s conduct, and are not duplicative of any documents or topics about which Plaintiff has already been questioned.

Defendant also notes that, as a matter of proportionality, Plaintiff has shouldered minimal burden in this litigation compared to Defendant. Plaintiff is the sole fact witness whom Defendant is deposing. Plaintiff has taken approximately 45 hours combined of deposition testimony from 6 witnesses. The depositions of 2 other witnesses have been scheduled and the parties are in the process of scheduling 3 half-day depositions, with 24.5 hours of depositions remaining, for a total of nearly 70 hours of testimony taken by Plaintiff. Defendant has also produced well over 7,500 pages of documents, compared to only 1,620 pages produced by Plaintiff. An additional three hours is hardly an unreasonable request in this context. Nor is it particularly burdensome, given that Plaintiff can be deposed from the comfort of her home at a

mutually convenient time. As previously stated, Defendant is willing to take the additional deposition remotely to help alleviate any burden.[2]

Respectfully submitted,

/s/ Brittany Buccellato

Brittany Buccellato

cc: Amy Shulman, Esq. and Amanda Chan, Esq., Attorneys for Plaintiff (via ECF)

[2] Defendant notes that Plaintiff has attended in-person every deposition thus far in this case. Presumably, the burden to Plaintiff of attending depositions is not a large one.