

**Plaintiff is hereby ORDERED to file a response letter in opposition, no longer than two pages, no later than 6:00 p.m. today, December 11, 2025.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: December 11, 2025
New York, New York

December 11, 2025

Brittany Buccellato
Special Counsel

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

T: 212 880 3800
F: 212 880 8965
brittany.buccellato@akerman.com

**VIA ECF**

Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    **Hormigo v. Icahn School of Medicine at Mount Sinai, et al., 24 Civ. 04757 (DEH)**

Dear Judge Ho:

On behalf of our client, Defendant Icahn School of Medicine at Mount Sinai ("Defendant" or "Mount Sinai") (named herein as "Icahn School of Medicine at Mount Sinai, Mount Sinai Health System, and Mount Sinai Hospital"), and pursuant to the Court's Individual Rules of Practice in Civil Cases 4(k), we write to request that the Court order Dr. Nina Bhardwaj's ("Dr. Bhardwaj") deposition to go forward on December 12, 2025, as scheduled.

On December 10, 2025 at 8:58 p.m. Defendant sent Plaintiff a supplemental production of attachments to previously produced emails that Plaintiff had requested.[1]  On December 11, 2025 at 11:07 a.m. counsel for Plaintiff emailed me stating that there was not enough time to review the production and she needed to reschedule Dr. Bhardwaj's deposition.  In response, I explained that: (i) the majority of the documents were emails that had been previously produced; (ii) the only new documents were the attachments requested by Plaintiff, which consisted of approximately 42 pages of documents redacted almost in full because they pertained to the manuscript (for some, only headings remained unredacted) and 25 pages of articles from medical journals written by individuals from other institutions (one article also appeared twice); and (iii), at most, there were only 8 new pages of any substance.  I also reminded Plaintiff that at noon on the day before Plaintiff's deposition, Plaintiff produced 24 pages of entirely new documents that should have been produced earlier in the litigation and that Plaintiff's deposition went forward as previously scheduled so as not to inconvenience Plaintiff.  To help minimize any potential

---

[1] Obtaining these attachments had to be done through e-discovery and was a time-consuming process.  These documents were produced as soon as they could be.  Defendant ensured that they were produced prior to the deposition.

Honorable Dale E. Ho
December 11, 2025
Page 2

_____

inconvenience, I sent counsel for Plaintiff a detailed list of what had been produced, including Bates Nos. of where the emails had been previously produced.  This list took under 20 minutes to prepare, including review of the new documents.  A copy of the list is attached.

We met and conferred with counsel for Plaintiff regarding this discovery dispute on December 11, 2025 at 1:00 p.m.  During the telephone call, counsel for Plaintiff stated her position that it was not possible to review these pages and change out any exhibits if needed for the new versions with attachments because her staff had other obligations.  We requested the courtesy of Plaintiff keeping the deposition as scheduled. [2]  I offered during the call to reserve some time (perhaps a half-hour)[3] and have the witness come back on a later date so that she could be questioned regarding those documents, if counsel for Plaintiff's staff did not have time today or tomorrow morning.  Counsel for Plaintiff declined this compromise.  I notified counsel for Plaintiff that, given the inconvenience to the witness and the small number of documents to be reviewed, Defendant would not agree to produce Dr. Bhardwaj voluntarily if counsel for Plaintiff refused to take her deposition on December 12.  I also notified Plaintiff's counsel that I considered the parties to be at an impasse and would be writing to the Court.

There is no reason why counsel for Plaintiff cannot review the small number of new documents in advance of the deposition.  In fact, had counsel taken the 30 minutes spent on the phone with us explaining why she did not have time review these documents and instead spent that time reviewing the documents, the issue would have been resolved.  Likewise, the time that counsel for Plaintiff intends to spend writing to the Court could also have been used to review this small number of documents.  Rescheduling the deposition would result in a large inconvenience to the witness who cut short her attendance at the Nobel Prize ceremonies to travel back to the United States in order to be deposed by the then fact discovery deadline.  Accordingly, Defendant requests that the Court order the deposition to go forward as scheduled.

Respectfully submitted,

/s/ Brittany Buccellato

Brittany Buccellato

cc:     Amy Shulman, Esq. and Amanda Chan, Esq., Attorneys for Plaintiff (via ECF)

Attachment

_____

[2] Dr. Bhardwaj's deposition had been previously scheduled for November 21 but had to be rescheduled due to a family emergency on the part of Dr. Bhardwaj. Dr. Bhardwaj is currently in Sweden with a friend who is receiving the Nobel Prize in Medicine to attend the award celebrations and is flying back early in order to attend her deposition (when her deposition was rescheduled, the fact discovery deadline was December 12).  This was explained to counsel for Plaintiff.

[3] This compromise would make it so that the deposition could be completed next week given that the witness and counsel would not need to be available for an entire day.

**<u>List Of Documents Sent To Plaintiff</u>**

- D007597-98 – previously produced at D001901-03
  - D007599-7610 – attachment redacted except section titles
- D007611 – previously produced at D1905
  - D007612-21 – attachment redacted except section titles and one brain scan
- D0007622 – previously produced at D001907
- D007623 – previously produced at D001906-07
  - D007624 – chart
- D007625 – previously produced at D001910
  - D007626 – attachment
- D007627 – previously produced at D001908
  - D007628-7636 – attachment is a Nature Biotechnology article
- D007637-38 – previously produced at D001909-10
  - D007639-7640 – attachment
- D007641 – previously produced at D001913-14
  - D007642 – attachment redacted except image title
- D007643 – previously produced at D001911
  - D007644-46 – attachment
- D007647 – previously produced at D001917
  - D007648-51 – attachment redacted except slide titles
- D007652-58 – previously produced at D001956-62, 1993-2000, and 2006-12
  - D007659 – attachment
- D007660-65 – previously produced at D001957-62, 1994-2000, and 2007-12
  - D007666 – attachment redacted except column titles
- D007667 – previously produced at D001987
  - D007668-75 – attachment redacted except column titles
  - D007676-7682 – New England Journal of Medicine article
  - D007683-91 – Nature Biotechnology article (duplicate of D007628-7636)
  - D007692-97 – PowerPoint redacted except slide titles
- D007698-7709 – previously produced at D001989-2000
  - D007710 – invoice