

Advocates for Workplace Fairness

<u>**Via ECF**</u>                                           December 11, 2025

The Honorable Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      **Re:**    *Hormigo, M.D., Ph.D. v. Icahn School of Medicine at Mount Sinai, et al.,*
              *24 CV 4757 (DEH)*

Dear Judge Ho:

    We represent Plaintiff Adilia Hormigo, M.D., Ph.D.  We write in response to the letter-motion submitted by Defendants on December 11, 2025 (ECF No. 72) to require Plaintiff to conduct the deposition of Nina Bhardwaj, M.D. on December 12, 2025.  Defendants mischaracterize the events at issue, and the letter-motion should be denied. Instead, the parties should be directed to reschedule Dr. Bhardwaj's deposition for the soonest mutually-agreeable date in December or early January 2025.

    Dr. Bhardwaj is an employee of Defendants and thus a party witness. She has information concerning, and/or participated in, the post-2020 events relevant to Plaintiff's allegations that Defendants have interfered with Plaintiff's clinical brain cancer vaccine trial ("the Vaccine Trial") because of Plaintiff's protected complaints, bad-mouthed Plaintiff to her new institution, and refused to provide her with figures in editable format so that the Vaccine Trial manuscript can be published.. (Compl. [ECF No. 1] ¶¶ 47-57; *see also* ECF 60-1).

    Defendants' letter-motion conveniently omits the fact that Dr. Bhardwaj's deposition was initially scheduled for November 2025 and that Defendants requested to reschedule Dr. Bhardwaj's deposition for a later date due to family issues.  When Defendants made that request, we accommodated it without question. Then, when Defendants provided December 12 as the only possible date for Dr. Bhardwaj's rescheduled deposition, again, we accommodated Defendants and rescheduled the deposition for December 12.  (In fact, although we attempted to schedule several of the depositions of Defendants' witnesses for early November 2025, we accommodated Defendants' requests to schedule almost all of the depositions for late November and early December 2025.)

    At approximately 9 p.m. on December 10, 2025, Defendants sent us *more than 100 pages* of documents (collectively, "the December 10 Production").  All of the documents in the December 10 Production appear to relate to Dr. Bhardwaj. Contrary to Defendants' attempts to minimize this production, the documents largely consist of lengthy and/or multiple email attachments that Defendants had not previously produced, despite our repeated requests, when they produced the corresponding emails in October 2025.

Honorable Dale E. Ho
December 11, 2025
Page 2

The timing of Defendants' production – effectively the day before Dr. Bhardwaj's deposition -- simply does not provide us with sufficient time to review these documents and properly incorporate them into our deposition preparation so that we can efficiently conduct Dr. Bhardwaj's deposition.  This is particularly so given that the undersigned has been unavailable today to review these lengthy documents today due to pre-existing obligations in other cases (and a previously-scheduled personal obligation this evening).

We have been requesting production of the attachments in the December 10 Production since at least November 13, 2025. (Plaintiff has also been requesting production of multiple other attachments that remain outstanding since at least early October 2025).  Defendants' delay in producing these attachments should not operate to deprive Plaintiff of sufficient time to review the December 10 Production and to properly prepare for Dr. Bhardwaj's deposition.

Defendants have also not articulated any reason as to why Dr. Bhardwaj, a party witness, cannot be deposed on another mutually convenient day, particularly given that we have already accommodated Defendants' request to reschedule her deposition once before. We offered to reschedule Dr. Bhardwaj's deposition for December 17, 2025, but Defendants' counsel advised us that they are not available that week.  We then offered to conduct the deposition on the first available date in January.

Defendants' assertions regarding Plaintiff's production of documents the day before Plaintiff's deposition are incorrect and inapposite. Plaintiff produced fifteen, not twenty-four, pages (comprising three documents) the day before her deposition, as we realized that they had not previously been produced. Defendants did not raise any issue at the time, and, as we told Defendants during today's meet and confer, the volume of the December 10 Production is far greater than those fifteen pages such that one day to review the December 10 Production is insufficient.

Accordingly, we respectfully request that Defendants' letter-motion be denied and that the parties schedule Dr. Bhardwaj's deposition for a mutually convenient date in December 2025 or early January 2025.  The Court's considerations are appreciated.

**As indicated by email to counsel, after review of the recent letters, the Court DENIES the motion to compel Plaintiff to take the deposition scheduled for today.  *See* ECF 72.  The Court finds that the late disclosure of documents and the now long remaining period of discovery weigh in favor of postponing the deposition to a mutually agreed upon date. The Clerk of Court is respectfully directed to terminate ECF No. 72.**

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

*/s/  Amy F. Shulman*
Amy F. Shulman
Amanda T. Chan

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: December 12, 2025
New York, New York