akerman

Brittany Buccellato
Special Counsel

Akerman LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020

T: 212 880 3800
brittany.buccellato@akerman.com

July 22, 2026

**VIA ECF**

Honorable Dale E. Ho
United States District Judge
40 Foley Square
New York, New York 10007

**Re: Hormigo v. Icahn School of Medicine at Mount Sinai, et al., 24 Civ. 04757 (DEH)**

Dear Judge Ho:

On behalf of our client, Defendant Icahn School of Medicine at Mount Sinai ("Mount Sinai") (named herein as "Icahn School of Medicine at Mount Sinai, Mount Sinai Health System, and Mount Sinai Hospital"), and pursuant to the Court's Individual Rules of Practice 4(k), I write in opposition to Plaintiff's letter, dated July 15, 2026, requesting a pre-motion conference to seek leave to continue the deposition of Dr. Barbara Vickrey ("Vickrey"). Plaintiff's request should be denied because she: (i) waited until the close of discovery to raise this issue, which could have been raised as early as December 2025, in violation of the Court's Individual Rules and (ii) has already had adequate time to fairly examine Vickrey.[1]

Pursuant to the Court's Individual Rules 4(k)(v), "Counsel should seek relief in accordance with these procedures in a timely fashion. If a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery." Here, Plaintiff waited until the day before discovery closed[2], on July 16 to raise this issue. To the extent Plaintiff even needs additional time to depose Vickrey (which Mount Sinai does not concede), she has been aware of this since December 5, 2025, when she took Vickrey's deposition. Yet counsel delayed until mid-May 2026 to tell me that she wanted to further depose Vickrey. Moreover, although I asked Plaintiff's counsel on May 27 for a list of the topics on which she sought to depose Vickrey, she did not provide me with the topics until a month later, on June 26.

[1] Counsel for Plaintiff mischaracterizes my statement regarding not agreeing to produce Vickrey again in exchange for Plaintiff being made available for deposition again. It was not that Mount Sinai did not wish to depose Plaintiff, but, rather, given the large amount of time that has elapsed since Plaintiff and Vickrey's depositions, the fact that counsel for Plaintiff already had ample time to fairly examine Vickrey, and the inconvenience to Vickrey, Mount Sinai would not agree to produce Vickrey again voluntarily.

[2] Discovery has been ongoing since in or around October 2024.

---

The topics on which Plaintiff wishes to depose Vickrey are her communications with others regarding the non-renewal decision, handwritten notes, and communications with Dr. Nina Bhwardaj ("Bhardwaj") regarding the trial. Plaintiff has been aware of Vickrey's (her direct supervisor) involvement in the non-renewal decision since at least January 15, 2025 (the date of Mount Sinai's Response to Plaintiff's First Set of Interrogatories), has been in possession of the majority of Vickrey's notes since September 5, 2025, and has known that Vickrey communicated with Bhardwaj regarding the trial since early October 2025. Despite this, Plaintiff used her seven hours to ask Vickrey about less relevant and even irrelevant topics and to elicit an unnecessary amount of detail about other topics.[3] Accordingly, Plaintiff's untimely request violates the Court's Rules and should be denied on this basis alone.

In any event, Plaintiff has not met the standard to be granted additional time to depose Vickrey. Vickrey's deposition started at 10:29 a.m. and the testimony concluded at 7:34 p.m. There were seven hours of testimony and the transcript spans approximately 256 pages. As stated above, counsel for Plaintiff wasted time during the deposition on irrelevant topics and eliciting unnecessary detail, instead of asking about the decision not to renew Plaintiff's contract. She had ample time to question Vickrey regarding the topics identified in her letter, has failed to show that she could not have questioned Vickrey on this exact information at the previous full-day deposition, and Mount Sinai should not be penalized for Plaintiff's inability to take an efficient deposition. *See Margel v. E.G.L. Gem Lab LTD.,* No. 04-CV-1514, 2008 WL 2224288, at *7-8 (S.D.N.Y. May 29, 2008) (denying request to continue deposition because counsel spent an inordinate amount of time on inefficient questioning and elicited an unnecessary amount of detail and could have conducted the examination more efficiently); *Bender v. Del Valle*, No. 05-CV-6459, 2007 WL 1827839, at *3 (S.D.N.Y. June 25, 2007) (denying request for additional deposition time because counsel had not even gotten to the core topics during the initial deposition). *C.f. Ramchandani v. CitiBank Nat'l Ass'n*, 616 F.Supp.3d 353, 358 (S.D.N.Y. 2022) (denying request to take the deposition of additional witness where the plaintiff had already deposed the Rule 30(b)(6) designee, but failed to ask any questions about the relevant communications at issue).

Granting Plaintiff additional time would be unnecessarily cumulative as Plaintiff has already taken 13 depositions, resulting in 2,667 pages of testimony. For many of these depositions, Plaintiff's counsel used the maximum time allotted and still did not finish[4]. She has had a myriad of other opportunities to obtain the same information. The burden of additional deposition time outweighs its potential benefits. Vickrey is a neurologist who already took an entire day away from patient care to be deposed. Plaintiff's counsel started the deposition 30

---

[3] For example, counsel for Plaintiff spent a disproportionate amount of time questioning Vickrey and eliciting an unnecessary amount of detail regarding Plaintiff's co-worker, Dr. Amy Chan ("Chan"). Indeed, approximately 117 pages (nearly half) of Vickrey's deposition transcript are devoted to questions about Chan.

[4] The depositions of the 13 witnesses noticed by Plaintiff lasted 65 hours in total. The depositions of three of these witnesses were limited to 3.5 hours of testimony each by a Court Order. *See* ECF Doc. No. 70.

minutes late[5] and took lengthy breaks, resulting in Vickrey remaining at counsel's office until at least 7:34 p.m. Any additional time taken out of her workday is time taken away from patient care, which imposes an inconvenience and burden. Considering the fact that Plaintiff's counsel had ample opportunity during Vickrey's first deposition to ask her about the decision not to renew Plaintiff's contract, her notes, and her communications with Bhardwaj, Plaintiff should not be granted additional time to depose Vickrey.[6]

Nor do Plaintiff's counsel's alleged administrative issues justify her request. It was her choice to take 13 depositions and her preference was to schedule them back to back. Moreover, there is no reason why Plaintiff's counsel could not have prepared the exhibits (i.e. printing and stapling documents, the majority of which Plaintiff had since the end of October, at the latest) in advance. In any event, Plaintiff's counsel's inability to ask Vickrey questions about her decision to not renew Plaintiff's contract was not due to issues with exhibits, but rather the fact that counsel did not use her time wisely or efficiently. *See* n.3 above. Mount Sinai should not be penalized for counsel's failure to be prepared for a deposition nor for her inability to take an efficient deposition.

In order to grant this request, the Court would need to extend the discovery deadline. Discovery has been ongoing for over a year and a half. Plaintiff should have known as early as December 2025 that she sought to further depose Vickrey[7], yet waited until May 2026 to raise the issue with me. As a result of her delay, Plaintiff will be unable to show good cause to justify an order extending the discovery deadline. *See Demirovic v. Ortega*, 254 F.Supp.3d 386, 390-391 (E.D.N.Y. 2017) (denying request for additional time to complete depositions where counsel had been aware of the need to depose these witnesses for almost seven months). Accordingly, her request should be denied.

Respectfully submitted,

/s/Brittany Buccellato

Brittany Buccellato

---

[5] Plaintiff's counsel claims that she pushed the start time back 30 minutes because of an issue with exhibits. This rings hollow given that she began the majority of the depositions late to the inconvenience of Mount Sinai's employees. For example, Gaya Ramanan's ("Ramanan") deposition began 24 minutes late, Dr. Dennis Charney's ("Charney") began 18 minutes late, and Bhardwaj's began 21 minutes late.

[6] On December 9, 2025, Mount Sinai requested additional time to depose Plaintiff (the only witness deposed by Defendant) in order to question her regarding, among other things, her handwritten notes (of which she produced over 110 pages), emails regarding the vaccine trial, her attendance at certain meetings, and her negative interactions with residents. The Court denied this request and should do the same here. *See* ECF Doc. No. 70.

[7] In addition, the following individuals testified in 2025 that they communicated with Vickrey regarding the non-renewal of Plaintiff's contract: (i) Ramanan on November 20; (ii) Caryn Tiger-Paillex on November 24; (iii) Dr. Eric Nestler on December 2; (iv) Dr. Stanley Tuhrim on December 3; and (v) Charney on December 5. Accordingly, there can be no colorable reason why Plaintiff waited until May 2026 to raise this issue with me.

---

cc: Amy Shulman, Esq. and Jarron MacAllister, Esq., Attorneys for Plaintiff (via ECF)